UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9185 PA (AJWx) | Date | January 5, 2013 |
|---|---|---|---|
| Title | InTouch Techs., Inc. v. VGo Commc'ns, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   COURT'S FINDINGS AND CONCLUSIONS OF LAW AFTER JURY VERDICT

Before the Court is a Proposed Final Judgment After Jury Verdict filed by defendant VGo Communications, Inc. ("Defendant"). [Docket No. 231.] Plaintiff InTouch Technologies, Inc. has filed Objections to Request for Judgment After Jury Verdict.

**I.   Factual & Procedural Background**

Plaintiff designs and sells remote presence robot systems that enable a user at one location to remotely control a robot with two-way audio and video capability at a second location in order to establish a remote presence of the user at the second location. Defendant makes and sells similar remote presence robot systems throughout the United States.

On November 4, 2011, Plaintiff filed its initial Complaint. On April 27, 2012, by stipulation of the parties and with the Court's permission, Plaintiff filed a First Amended Complaint ("FAC"). The FAC alleges that Defendant's products infringe five of Plaintiff's patents: U.S. Patent Nos. 6,925,357 ("the '357 Patent"), 6,346,962 ("the '962 Patent"), 7,289,883 ("the '883 Patent"), 7,310,570 ("the '570 Patent") and 7,593,030 ("the '030 Patent"). Defendant filed an Answer and Counterclaim on May 21, 2012. On July 03, 2012, the Court granted the parties' stipulation to dismiss a number of Defendant's counterclaims and affirmative defenses, as well as Plaintiff's infringement claims as to the '883 Patent and the '570 Patent.

Of the three remaining patents-in-suit, the '357 Patent and the '030 Patent relate to a remote-controlled robot system that allows users at multiple remote stations to access and control the robot. The patents disclose an arbitration system to determine which remote user can control the robot at any given time. The '357 Patent also describes a call-back mechanism that notifies a user who was previously denied access to the robot that the robot has become available. Together, these features enable the robot systems to be shared effectively among multiple potential users.

The technology claimed by the '962 Patent was developed and patented by IBM in 1997. Plaintiff purchased the '962 Patent in 2009. The '962 Patent discloses and claims a way to directly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9185 PA (AJWx) | Date | January 5, 2013 |
|---|---|---|---|
| Title | InTouch Techs., Inc. v. VGo Commc'ns, Inc. | | |

control a camera at a different location in a videoconferencing system using a pointing device such as a computer mouse.  By moving the mouse, the user can directly control the movement of the remote camera.  The '962 patent thus enables users to directly control the camera in "real time."  The '962 patent also claims a timer that stops the motion of the camera if the timer expires without receiving additional movement data from the pointing device.  Plaintiff alleged that Defendant's robots infringed various claims of each of these patents.

On September 10, 2012, the Court denied Defendant's motion for summary judgment.  After conducting claim construction, the parties proceeded to trial.  After a five day jury trial, the jury found that Plaintiff failed to prove that Defendant's technology infringed Claim 79 of the '357 Patent, Claim 1 of the '030 Patent, Claim 1 of the '962 Patent or Claim 8 of the '962 Patent.  The jury also found that Defendant had proven by clear and convincing evidence that Claim 79 of the '257 Patent and Claim 1 of the '030 Patent were invalid on the grounds of obviousness.  (See Jury Verdict Form (Redacted), entered on November 29, 2012 (Docket No. 230).)

Defendant then submitted its Proposed Final Judgment on December 04, 2012.  The Court has considered Defendant's Proposed Final Judgment, Plaintiff's Objections, and Defendant's Reply to Plaintiff's Objections.

**I.      Plaintiff's Objection to Defendant's Proposed Final Judgment**

A.      Title of the Judgment

Plaintiff first argues that the Court cannot yet enter a "Final Judgment," as post-trial motions have not yet been heard.  To avoid confusion, the Court will issue a "Judgment."  This will not preclude the parties from filing appropriate post-trial motions.

B.      Scope of Judgment as to Invalidity of the '357 Patent and '030 Patent

Plaintiff also argues that the proposed judgment does not accurately reflect the jury's verdict on invalidity.  Defendant's Proposed Final Judgment indicates that the '357 Patent and '030 Patent are invalid for obviousness in their entirety.  Rather, as Plaintiff points out, the jury found only that Claim 79 of the '357 Patent and Claim 1 of the '030 Patent are invalid for obviousness.  The patent statute provides that "[w]henever, without any deceptive intention, a claim of a patent is invalid the remaining claims shall not thereby be rendered invalid."  35 U.S.C. § 253.  Thus, to the extent that the jury was not presented with the issue of the invalidity of the patents in their entirety, Plaintiff's Proposed Final Judgment is too broad and must be narrowed.

Defendant argues that, in any event, there is sufficient evidence in the record to support a finding that the '357 Patent and the '303 Patent are each wholly invalid as obvious in light of the prior art.  This argument lacks merit, as Defendant waived this issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9185 PA (AJWx) | Date | January 5, 2013 |
|---|---|---|---|
| Title | InTouch Techs., Inc. v. VGo Commc'ns, Inc. | | |

"It is well established that whether an invention would have been obvious at the time the invention was made is a mixed question of law and fact." See, e.g., Takeda Chem. Indus., Ltd. v. Alphapharm Pty., Ltd., 492 F.3d 1350, 1355 (Fed. Cir. 2007). The ultimate determination of obviousness is a question of law. Id. This determination is based on the underlying factual determinations set forth in Graham v. John Deere Co., 383 U.S. 1, 17, 86 S. Ct. 684, 15 L. Ed. 2d 545 (1966).

At trial, Defendant did not argue the invalidity of the patents as a whole nor did Defendant submit that question to the jury. (See Fourth Amended Proposed Jury Instructions, at 26-36 (explaining basis for Defendant's defenses and counterclaims of invalidity as to Claim 79 of the '357 Patent and Claim 1 of the '030 Patent); Jury Instructions (Given), at 29-35 (same).) Although Plaintiff's Amended Counterclaim and the Parties' Proposed Final Pretrial Conference Order assert that the each of the patents-in-suit are wholly invalid for obviousness, that issue was never presented to the trier of fact – that is, the jury – and Defendant did not seek to preserve the issue for post-trial review. Moreover, the parties' Fourth Amended Proposed Jury Instructions also indicate that at trial Defendant asserted invalidity as to Claims 1 and 8 of the '962 Patent. (See Fourth Amended Proposed Jury Instructions, at 26). Prior to the start of trial, however, Defendant abandoned that claim explicitly. Thus, the Court finds that Defendant waived its claims that the patents-in-suit are entirely invalid.

Finally, Plaintiff argues that, because the ultimate question of obviousness is one of law, the Court cannot yet enter judgment as to invalidity. Here, the parties agreed to submit the ultimate question of obviousness to the jury on a general verdict form rather than one specifically asking the jury to consider whether the Graham factors had been proven. Thus, Plaintiff claims that the ultimate determination of obviousness "can only be made after the Court decides the legal question of obviousness in conjunction with post-trial motions." (Objections at 2.) Plaintiff's argument misses the mark.

"Under the well-settled law of the Federal Circuit, the legal issue of obviousness may be determined by a jury." Duhn Oil Tool, Inc. v. Cooper Cameron Corp., 818 F. Supp. 2d 1193, 1216 (E.D. Cal. 2011). Where, as here, "a jury returns a general verdict [on obviousness], the law presumes the existence of fact findings implied from the jury's having reached that verdict." McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1359 (Fed. Cir. 2001) (citation omitted). While, "the judge must remain the ultimate arbiter on the question of obviousness," this role is properly exercised on "giving proper instructions on the law to the jury before it considers its verdict" and again "when presented with a motion for JNOV or new trial." Duhn Oil Tool, Inc., 818 F. Supp. 2d at 1216 (citing R.R. Dynamics, Inc. v. A. Stucki Co., 727 F.2d 1506, 1515 (Fed. Cir. 1984)).

Thus, the Court can – and does – enter judgment at this time on the jury's finding that Claim 79

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9185 PA (AJWx) | Date | January 5, 2013 |
|---|---|---|---|
| Title | InTouch Techs., Inc. v. VGo Commc'ns, Inc. | | |

of the '357 Patent and Claim 1 of the '030 Patent are invalid for obviousness.[1]  Having presided over the trial, moreover, the Court is satisfied that the jury's verdict of obviousness is well-supported by substantial evidence in the record.  Accordingly, in light of the jury's verdict and the substantial evidence in the record for that verdict, the Court will enter judgment as to invalidity at this time.[2]

### II.     Waiver of Infringement Claims Not Submitted to Jury

Subsequent to the issuance of the Court's claim construction order, and on the eve of trial, Plaintiff withdrew, without notice to the Court, its claims that Defendant's product infringed Claim 83 of the '357 Patent and Claim 8 of the '303 Patent.  By failing to submit these claims to the jury – regardless of whether Plaintiff disagreed with the Court's construction of those claims – Plaintiff has waived the ability to pursue the Court's claim construction in post-trial motions or on appeal.

### Conclusion

The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.

---

[1]       As noted, neither this Order nor the accompanying Judgment will preclude Plaintiff from filing a motion for new trial or renewed motion for judgment as a matter of law.

[2]       This Minute Order will serve as the Court's Conclusions of Law on the issue of obviousness.